STATE OF CONNECTICUT *v.* WILLIAM PECORARO
(11996)

PETERS, C. J., HEALEY, SHEA, DANNEHY and CALLAHAN, JS.

Argued April 10—decision released May 28, 1985

*Howard I. Gemeiner,* for the appellant (defendant).

*Daniel A. Lyons, Jr.,* assistant state's attorney, with whom, on the brief, was *Arnold Markle,* state's attorney, for the appellee (state).

SHEA, J. This is an appeal from a revocation of probation. On January 28, 1983, the trial court found that the defendant had violated the terms of his probation and placed in effect a previous sentence of imprisonment for not less than two nor more than four years, execution of which had been suspended subject to probation for three years. This sentence had been imposed by the court, *Chernauskas, J.,* on September 25, 1981, when the defendant was convicted of carrying a pistol without a permit. On December 2, 1982, a jury found the defendant guilty of robbery in the first degree and

larceny in the second degree. A sentence of fifteen years imprisonment for the robbery and a concurrent term of five years for the larceny was imposed on January 13, 1983. A timely appeal from this judgment was filed and the court, *Hadden, J.,* set an appeal bond of $125,000. In revoking probation, the court, *Kinney, J.,* relied solely upon the robbery and larceny convictions, though aware of the appeal therefrom. In appealing from the probation revocation the defendant claims that these convictions, without any evidence of the facts underlying them, furnished an insufficient basis for the judgment placing in effect the suspended sentence for carrying a pistol without a permit. We find no error.

"It is universally held that the commission of a felony violates a condition inherent in every probation order." *State* v. *Roberson,* 165 Conn. 73, 77, 327 A.2d 556 (1973). It is not disputed that robbery in the first degree and larceny in the second degree, the crimes of which the defendant was convicted while on probation, are felonies. General Statutes §§ 53a-25, 53a-123, 53a-134. In any event, General Statutes § 53a-30 (a) (7) authorizes the court to include as a condition of probation an order that a probationer "refrain from violating any criminal law of the United States, this state or any other state . . . ." At the probation revocation hearing a probation officer testified that he had read this and other conditions of probation to the defendant at their first meeting following the sentence imposed on September 25, 1981, for carrying a pistol without a permit, and that the defendant had indicated he understood the conditions of his probation.

The only issue raised by the defendant is whether, without evidence of the underlying facts, his convictions for crimes while on probation are a sufficient basis to establish a violation of the condition against transgressing any criminal law when those convictions are on appeal. In *State* v. *Roberson,* supra, we upheld a pro-

bation revocation order also based solely upon convictions wherein appeals were pending. "The vast majority of jurisdictions . . . hold that a finding of either conviction, whether or not final, or commission of the act, is sufficient to support an order of revocation." Id., 79; see *Hutchinson* v. *State,* 292 Md. 367, 369–70, 438 A.2d 1335 (1982); annot., 76 A.L.R.3d 588 (Sup. 1981). In a subsequent federal habeas corpus proceeding challenging our holding in *Roberson* on due process grounds, it was concluded that "[a] criminal conviction after a trial at which the probationer was entitled to all the protections afforded a criminal defendant including formal rules of evidence, the right to assigned counsel if indigent, and the requirement that the state establish guilt beyond a reasonable doubt certainly affords a more than sufficient basis for revocation of probation, even if that conviction is still awaiting appellate review." *Roberson* v. *Connecticut,* 501 F.2d 305, 308 (2d Cir. 1974). The court, though recognizing "a risk of unfairness to a probationer whose freedom is taken away because of a conviction which is later reversed," observed that, insofar as due process is concerned, "a probationer cannot be in a better constitutional position than any other state prisoner convicted of a crime, who seeks bail on appeal," noting that "there is no absolute federal constitutional right to bail after a state conviction." Id. It would also be anomalous, the court commented, to give more favorable treatment to a probationer who had already received a full criminal trial on an offense justifying revocation of probation than to a probationer who is found to have committed such an offense on the basis of independent evidence introduced at a relatively informal revocation hearing without the necessity of proof beyond a reasonable doubt and who is thus incarcerated immediately. Id., 309.

The defendant does not contend that *Roberson* should be overruled nor are we inclined to do so. He seeks to distinguish *Roberson* on the ground that no bond appears to have been posted in the appeals from the convictions which were the basis for the revocation of probation in that case. Consequently, the probationer there, having been already incarcerated as a result of his inability to provide appeal bonds, suffered no actual detriment from the revocation of his probation pending the outcome of his appeal, as the sentences appear to have been concurrent. In the present case a bond has been posted in connection with the appeal from the convictions relied upon by the court in revoking probation.[1] At the time of that judgment, however, no bond had been posted in the appeal that had been filed, though the defendant did declare that he was able to provide the bond set by the court. The court, however, was not required to accept that representation and would have been justified in viewing the case as factually indistinguishable from *Roberson*.

In any event, we are not persuaded that *Roberson* should be applicable only where a probationer cannot make bail on appeal from a conviction underlying the revocation of his probation and thus may suffer no harm from incarceration pending appeal, if the reimposed and new sentences are made to run concurrently. The anomaly would still be present that revocation of probation because of a conviction would be treated more favorably than revocation on other grounds where the probationer had a lesser opportunity to defend. See *Roberson* v. *Connecticut,* supra, 308. Also, if only probationers not released on bail were subject to having their probation revoked for committing a crime during the probationary period, a further anomaly would be

---

[1] The defendant also has filed the bond set by the court for this appeal from the revocation of his probation.

created that might be found to deny "equal protection of the laws" to indigent probationers.

There is no error.

In this appeal the other judges concurred.