JOHN HAMPTON *v.* JOHN R. MANSON, COMMISSIONER OF CORRECTION (2888)

HULL, SPALLONE and DALY, Js.

Argued June 4—decision released September 24, 1985

*Richard T. Biggar,* assistant attorney general, with whom, on the brief, were *Joseph I. Lieberman,* attor-

ney general, and *Vito Mazza,* law student intern, for the appellant (respondent).

*Michael McKenna,* for the appellee (petitioner).

SPALLONE, J. This is an appeal from the judgment of the Superior Court granting a writ of habeas corpus.

The sole issue to be determined is whether the trial court erred in concluding that our criminal erasure statute, General Statutes § 54-142a,[1] prevents police officers from testifying at a hearing before the Connecticut board of parole concerning their personal observations of the conduct of a parolee if the parolee is later charged with a crime relating to some of that conduct and those charges are subsequently dismissed.

In 1978, the petitioner pleaded guilty to several counts of larceny and robbery and was sentenced to serve from seven to fourteen years in prison. In July, 1982, he was released on parole subject to certain conditions, including his agreement not to possess any firearms or other weapons.

On December 16, 1982, the petitioner was arrested in New Haven in connection with an attempted robbery and weapons were found in a car identified as belonging to him. The charges against the petitioner, which were lodged as a result of his alleged participation in the attempted robbery, were subsequently dismissed

---

[1] At the time of the petitioner's parole revocation hearing, General Statutes § 54-142a provided, in relevant part: "(a) Whenever in any criminal case, on or after October 1, 1969, the accused, by a final judgment, is found not guilty of the charge or the charge is dismissed, all police and court *records* and records of any state's attorney pertaining to such charge shall be erased upon the expiration of the time to file a writ of error or take an appeal, if an appeal is not taken . . . . (e) The clerk of the court or any person charged with retention and control of such records center of the judicial department or any law enforcement agency having information contained in such erased records shall not disclose to anyone information pertaining to any charge erased under any provision of this section." (Emphasis added.)

because of an illegal search and seizure. In July, 1983, the petitioner's parole was revoked after a hearing in which two police officers testified from their own personal knowledge and memory concerning the weapons found in the car.

The petitioner petitioned for a writ of habeas corpus which was granted by the trial court on the ground that under the erasure statutes, the police officers' testimony was inadmissible. Upon the granting of certification by the trial court, the state has appealed.

In order to sustain the action of the trial court, we must either agree with the conclusion of the trial court that the term "record" as used in the erasure statutes encompasses the personal knowledge of police officers as to the supressed evidence or we must apply the exclusionary rule to parole revocation proceedings. We decline to do either.

The federal courts have given us guidance as to the inapplicability of the exclusionary rule to parole revocation proceedings. In *United States ex rel. Carrasquillo* v. *Thomas,* 677 F.2d 225 (2d Cir. 1982), the second circuit stated in a per curiam opinion that "criminal charges contained in an indictment dismissed with prejudice can form the basis for a subsequent revocation of parole." In *United States ex rel. Sperling* v. *Fitzpatrick,* 426 F.2d 1161, 1163 (2d Cir. 1970), the second circuit dealt with a factual situation very similar to that before us and sustained the use of evidence concerning an illegally seized gun in parole revocation proceedings. "A parole revocation proceeding is concerned not only with protecting society, but also, and most importantly, with rehabilitating, and restoring to useful lives those placed in the custody of the Parole Board. To apply the exclusionary rule to parole revocation proceedings would tend to obstruct the parole system in accomplishing its remedial purposes." *United States ex*

*rel. Sperling* v. *Fitzpatrick,* supra, 1163–64. We are firmly in accord with the position expressed by the second circuit and we hold that the exclusionary rule regarding the inadmissibility of illegally seized evidence has no application to parole revocation hearings.

We also hold that the word "record" as used in the criminal erasure statutes does not include the personal and independent observations of the police officers. We distinguish between police officers, whose information was derived from having been on the scene of the occurrence and whose testimony is based on their own personal knowledge of the actual events, and those members of a law enforcement agency, whether police officers or others, whose only knowledge of the events was totally obtained because of their access to the records subject to erasure. Where the testimony of a witness at a parole revocation hearing is based solely on information the witness has gleaned from the erased record, such information is clearly within the non-disclosure mandate of the statute.

To hold inadmissible information based on knowledge not gained from the record, would obstruct, thwart and inhibit the parole board in the proper exercise of its function in holding a parole revocation hearing, that is, to ascertain whether the parolee violated the conditions of his parole. One of the specific conditions of the petitioner's parole was that he not possess, at any time, firearms, ammunition or any other weapon. The petitioner here is a convicted felon, still under sentence, but allowed at large on parole, provided the board is satisfied that there is a reasonable probability that the prisoner "will live and remain at liberty without violating the law and such release is not incompatible with the welfare of society." *Parham* v. *Warden,* 172 Conn. 126, 131, 374 A.2d 137 (1976). Once released from prison, however, a parolee does not enjoy "the absolute liberty to which every citizen is entitled, but only of

the conditional liberty properly dependent on observance of special parole restrictions." *Morrissey* v. *Brewer,* 408 U.S. 471, 480, 92 S. Ct. 2593, 33 L. Ed. 2d 484 (1972). The petitioner in effect has entered into a compact with the board that he will meet the conditions of his parole. The board is entitled to hear all available, relevant and probative evidence necessary for it to make an informed and intelligent decision as to whether the parolee is abiding by the conditions of his release.

No useful public purpose would be served by expanding and interpreting the term "record" as used in our erasure statutes to include the personal knowledge and memory of actual events by police officers, particularly where the resultant effect would be to impede the board in its function of determining whether the parolee should remain at large or should be required to finish his term in prison.

There is error, the judgment is set aside and the case is remanded with instruction to render judgment denying the writ of habeas corpus.

In this opinion the other judges concurred.