FREDERICK PAYNE *v.* CARL ROBINSON, WARDEN
(5277)

DUPONT, C. J., HULL and DALY, Js.

Argued February 11—decision released April 7, 1987

*James V. Guarino,* with whom, on the brief, was *Elizabeth N. Byrne,* for the appellant (petitioner).

*Robert O'Brien,* assistant state's attorney, with whom, on the brief, was *Arnold Markle,* state's attorney, for the appellee (respondent).

HULL, J. The trial court denied a petition for a writ of habeas corpus alleging unlawful revocation of probation. From that decision, the petitioner appeals, claiming (1) that the trial court erred in not suppressing the only evidence linking the petitioner to an apparent violation of his probation, (2) that the trial court erred in failing to grant the appellant's motion for judgment, (3) that the trial court erred in finding that the petitioner was in violation of probation, and (4) that the trial court abused its discretion in revoking the petitioner's probation.

The trial court found the following facts. Shortly before 1:30 a.m. on January 27, 1982, New Haven police officer Joseph Greene received information from a complainant that the petitioner had threatened him with a handgun. The petitioner was stopped in his auto-

mobile, and a small, loaded revolver was found under the driver's seat. He was arrested for a number of offenses, including threatening and having a weapon in a motor vehicle.

While these charges were pending, a violation of probation charge was brought in the Superior Court. A probation revocation hearing was held and the petitioner was found to be in violation of his probation. He was ordered to serve the balance of a jail term he had been given for an earlier conviction.

The petitioner sought relief in the form of a writ of habeas corpus, claiming various errors in the procedure followed in his probation revocation hearing. The matter was submitted to the habeas corpus court, and the petition was denied. The petitioner's application for certification to appeal was granted, and this appeal followed.

I

The petitioner's first claim is that the gun seized from his car should not have been allowed into evidence at the probation revocation hearing, as it was the fruit of an illegal search. The petitioner does not, however, present any convincing authority for the proposition that the exclusionary rule, under which the petitioner claims suppression, should apply to a probation revocation hearing. The petitioner cites *United States* v. *Workman,* 585 F.2d 1205 (4th Cir. 1978), which held that the exclusionary rule does apply to a federal probation revocation proceeding. The fourth circuit subsequently held, however, that *Workman* does not apply to state revocation proceedings. *Grimsley* v. *Dodson,* 696 F.2d 303, 304–305 (4th Cir. 1982).

The Second Circuit applied the exclusionary rule to a probation revocation proceeding in *United States* v. *Rea,* 678 F.2d 382 (2d Cir. 1982). The facts in *Rea* are

easily distinguishable from those in the present case, however. We therefore look directly to the analysis of that court. We cannot improve on Judge Pierce's language in *Rea* as to the test to be applied in a case such as this.

"The rule that evidence seized in violation of the Fourth Amendment is inadmissible in a criminal proceeding against the search victim is not intended to, and cannot, repair the injury done to the privacy rights of the victim. As the Supreme Court stated in *[United States v.] Calandra,* [414 U.S. 338, 94 S. Ct. 613, 38 L. Ed. 2d 561 (1974)]. 'Instead, the rule's prime purpose is to deter future unlawful police conduct and thereby effectuate the guarantee of the Fourth Amendment against unreasonable searches and seizures: "The rule is calculated to prevent, not repair. Its purpose is to deter—to compel respect for the constitutional guaranty in the only effectively available way—by revoking the incentive to disregard it." *Elkins* v. *United States,* 364 U.S. 206, 217, 80 S. Ct. 1437, 1444, 4 L. Ed. 2d 1669 (1960). . . .'

"The exclusionary rule is thus designed to deter future unlawful conduct on the part of law enforcement officers, and therefore the rule is to be applied in those instances when its deterrent purpose is likely to be served. *United States* v. *Calandra,* supra, [348]; *United States* v. *Winsett,* 518 F.2d 51, 53–54 (9th Cir. 1975); *United States ex rel. Sperling* v. *Fitzpatrick,* [426 F.2d 1161] 1164 (2d Cir. 1970).[1] So, in deciding whether to extend the exclusionary rule to probation revocation hearings 'we must weigh the potential injury' to the fact-finding process as a result of the exclusion of relevant evidence 'against the potential benefits of the rule as applied in this context.' *United States* v. *Calandra,*

---

[1] *United States ex rel. Sperling* v. *Fitzpatrick,* 426 F.2d 1161 (2d Cir. 1970), has been cited favorably in this court. See *Hampton* v. *Manson,* 5 Conn. App. 343, 345–46, 497 A.2d 1044 (1985).

supra, [338]. The courts which decided *Calandra,* *[United States v.] Janis,* [428 U.S. 433, 96 S. Ct. 3021, 49 L. Ed. 2d 1046 (1976)], and *Sperling* engaged in this balancing process, and in each instance determined that application of the exclusionary rule under the specific circumstances presented would be unlikely to have any significant beneficial deterrent impact on the behavior to be deterred. Thus, in *Calandra,* the Supreme Court pointed out that since, under existing law, illegally obtained evidence cannot be used in the criminal prosecution of a search victim, application of the exclusionary rule to grand jury proceedings would deter only illegal police searches consciously directed towards discovering and collecting evidence solely for use in grand jury proceedings. It therefore held that it would not 'embrace a view that would achieve a speculative and undoubtedly minimal advance in the deterrence of police misconduct at the expense of substantially impeding the role of the grand jury.' [*United States* v. *Calandra,* supra, 351–52].

"In *United States* v. *Janis,* [supra], the Supreme Court addressed the claim that the exclusionary rule should apply to render evidence illegally seized by state law enforcement officers inadmissible in a civil proceeding brought by the United States to collect unpaid taxes. The *Janis* Court applied the balancing test mandated by *Calandra* and held that the exclusionary rule would not apply in the civil proceeding since 'the deterrent effect of the exclusion of relevant evidence is highly attenuated when the "punishment" imposed upon the offending criminal enforcement officer is the removal of that evidence from a civil suit by or against a different sovereign.' [Id., 458.]

"In *United States ex rel. Sperling* v. *Fitzpatrick,* supra, this Court invoked the same type of analysis as was later mandated by *Calandra* and *Janis.* There, Sperling, a parolee was unlawfully searched, and then

arrested for possession of a loaded .38 caliber pistol, by New York City police officers *who did not know* that he was on parole at the time of the search. Sperling was indicted for possession of the weapon, but after a motion to suppress the evidence was granted the indictment was dismissed. Subsequently, however, Sperling's parole was revoked by the parole board, based on his possession of the weapon discovered in the illegal search. At his revocation hearing, Sperling contended that it was improper for the parole board to consider the illegally seized pistol in reaching its determination that he had violated the conditions of his parole. The parole board disagreed and upon appeal this Court held that the exclusionary rule was inapplicable in Sperling's revocation hearing before the parole board. This finding reflected the view that the deterrent purpose of the exclusionary rule would not be significantly advanced by a double application of the exclusionary rule—first to prevent the criminal prosecution of the parolee, and then to suppress the illegally seized evidence in a parole revocation hearing in which the offending police officers could not possibly have had an interest at the time they conducted the illegal search. [Id., 1164]." (Footnote added; footnotes omitted; emphasis in original.) *United States* v. *Rea,* supra, 388–89.

Applying the balancing principles set forth by *Calandra,* and applied in *Janis* and *Sperling,* to the facts of this case convinces us that the potential injury to the function of the probation revocation proceedings substantially outweighed the deterrent effect to be gained by applying the exclusionary rule to these proceedings. We stress, however, that this decision is limited to these specific facts.

In *Rea,* the search in question was conducted by the defendant's probation officer, who obviously conducted the search in connection with the defendant's proba-

tion. In the present case, the search was conducted by a police officer. There is no evidence that the officer knew that the petitioner was on probation.[2]

The language and logic of *United States ex rel. Sperling* v. *Fitzpatrick,* supra, a parol revocation case, is fitting in this situation. "A [probation] revocation proceeding is not an adversarial proceeding." Id., 1163. While the defendant is on probation, he remains in the legal custody and under the control of the department of correction. "A [probation] revocation proceeding is concerned not only with protecting society, but also, and most importantly, with rehabilitating and restoring to useful lives those placed in the custody of the [Commissioner of Correction]. To apply the exclusionary rule to [probation] revocation proceedings would tend to obstruct the [probation] system in accomplishing its remedial purposes." Id., 1163–64. This benefit outweighs any deterrent effect that might exist in this case. The police officer did not search the car in order

---

[2] This case is similar to *United States* v. *Winsett,* 518 F.2d 51 (9th Cir. 1975), in which the Ninth Circuit held that "the Fourth Amendment does not require suppression of evidence in a probation revocation proceeding where, at the time of the arrest and search, the police had neither knowlege nor reason to believe that the suspect was a probationer." Id., 55. The *Winsett* court distinguished the case before it from *Verdugo* v. *United States,* 402 F.2d 599 (9th Cir. 1968), cert. denied, 397 U.S 925, 90 S. Ct. 931, 25 L. Ed. 2d 105 (1970). In *Verdugo,* the Ninth Circuit applied the exclusionary rule to sentencing proceedings where the police had a stake in ensuring that the appellant received a long sentence, and might have collected evidence with the knowledge that it would be inadmissible in the criminal proceeding, but admissible at sentencing. The *Winsett* court then stated: "Similarly, when the police at the moment of search know that a suspect is a probationer, they may have a significant incentive to carry out an illegal search even though knowing that evidence would be inadmissible in any criminal proceeding. The police have nothing at risk: If the motion to suppress in the criminal proceedings were denied, defendant would stand convicted of a new crime; and if the motion were granted, the defendant would still find himself behind bars due to revocation of probation. Thus, in such circumstances, extension of the exclusionary rule to the probation revocation proceeding may be necessary to effectuate Fourth Amendment safeguards." *United States* v. *Winsett,* supra, 54 n.5.

to effectuate a revocation of the petitioner's probation. Application of the exclusionary rule to these proceedings would have only a marginal or incremental deterrent effect that is clearly outweighed by the rule's impediments. In light of this decision, we need not reach the question of whether the warrantless search of the automobile violated the petitioner's constitutional rights.

## II

The petitioner's second claim is that the court erred in failing to grant his motion for judgment of acquittal. His complaint on appeal is that the evidence was not sufficient for the trier of fact to have found that he was in violation of his probation. We disagree.

General Statutes § 53a-32 (b) provides that no revocation of probation shall be ordered, "except upon consideration of the whole record and unless such violation is established by reliable and probative evidence." In *Roberson* v. *Connecticut,* 501 F.2d 305, 308 (2d Cir. 1974) the Second Circuit stated: "All that is required for revocation of probation is that the court be satisfied that the probationer has abused the opportunity given him to avoid incarceration. . . . Moreover, even though revocation is based upon felonious conduct, the constitution does not require that proof of such conduct be sufficient to sustain a criminal conviction." (Citation omitted.)

The petitioner was afforded a full hearing on his violation of probation as required under General Statutes § 53a-32 (a). He does not contest the fact that he was on probation at the time of his arrest on the underlying charges that gave rise to his probation revocation. He does not contest that he had notice of the conditions of probation, which included that he not violate any criminal law of the state of Connecticut. The condition he was found to have violated specifically stated

that the petitioner not "violate" any criminal law of the state of Connecticut and did not require that he be convicted. Although the petitioner urges that a violation proceeding be deferred until after a disposition of the new criminal charges, that is not a requirement of the law. *Roberson* v. *Connecticut,* supra, 308.

It is clear that a finding of a conviction or the commission of the act is sufficient to support a revocation of probation. *State* v. *Pecoraro,* 196 Conn. 305, 307, 493 A.2d 180 (1985); *State* v. *Roberson,* 165 Conn. 73, 79, 327 A.2d 556 (1973). The trial court found, on the basis of the evidence presented, that the appellant was in violation of his probation. He had a loaded, operable handgun in his automobile. This conduct constituted an act sufficient to support a revocation of probation. See General Statutes § 29-38. In arriving at its decision, the trier of fact is entitled to draw reasonable and logical inferences from the evidence. *State* v. *Vincent,* 194 Conn. 198, 208, 479 A.2d 237 (1984). In a probation violation proceeding, all that is required is enough to satisfy the court within its sound judicial discretion that the probationer has not met the terms of his probation. *United States* v. *Strada,* 503 F.2d 1081, 1085 (8th Cir. 1974). The evidence in the present case clearly supports the trial court's finding that the petitioner had engaged in conduct that constituted a violation of his probation and properly denied his motion for judgment of acquittal.

### III

The petitioner's third claim is that the court erred in finding that he was in violation of his probation. We disagree.

"The standard of review of an order revoking probation is whether the trial court abused its discretion; if it appears that the trial court was reasonably satisfied that the terms of probation had been violated and,

impliedly, that the beneficial purposes of probation were no longer being served, then the order must stand." *State* v. *Roberson,* supra, 80. We have reviewed the record and, in light of our decision on the petitioner's first claim of error, we find that there was sufficient evidence to justify the trial court in finding that the petitioner was in violation of his probation. We, therefore, will not separately address the petitioner's final claim, that the trial court abused its discretion in finding him in violation of his probation.

There is no error.

In this opinion the other judges concurred.