[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION TO DISMISS
On November 4, 1994, the plaintiff, Meriden Housing Authority (MHA), filed a four count summary process complaint against the defendant, Joseph Affeldt, alleging substantial and willful destruction of the premises, immediate and serious danger to the safety of other tenants, failure to correct behavior after receiving a 21 day (KAPA) notice, and lapse of time. The plaintiff had served a pretermination (KAPA) notice on the defendant on June 13, 1994, alleging that he had been urinating on the premises and offering him the right to a grievance hearing within ten days. The defendant did not request a hearing then, and the lease was terminated by the plaintiff effective July 31, 1994. The defendant did request a grievance hearing on October 7, 1994, after receiving the plaintiff's Notice to Quit. The plaintiff refused the defendant's October request for a hearing.
On November 17, 1994, the defendant moved to dismiss, arguing that MHA, which receives federal subsidies, is required by federal law to provide the defendant with a hearing prior to taking court action to evict him. A motion to dismiss is the "proper vehicle for claiming any lack of jurisdiction in the trial court." Upson v. State, 190 Conn. 622, 624-25 n. 4,461 A.2d 991 (1983). The motion "admits all well-pleaded facts, the complaint being construed most favorably to the plaintiff."American Laundry Machine, Inc. v. State, 190 Conn. 212, 217,459 A.2d 1031 (1983).
42 U.S.C. § 1437d(k) provides in relevant part:
 The Secretary shall by regulation require each public housing agency receiving assistance under this chapter to establish and implement an administrative grievance procedure under which tenants will . . . (2) have an opportunity for a hearing before an impartial party upon timely request within any period applicable under CT Page 112 subsection (1) of this section. . . . For any grievance concerning an eviction or termination of tenancy that involves any criminal activity that threatens the health, safety, or right to peaceful enjoyment of the premises of other tenants or employees of the public housing agency or any drug-related criminal activity on or near such premises, the agency may . . . (B) exclude from its grievance procedure any such grievance. . . .
The plaintiff argues that even if the October 7, 1994 request for a hearing is considered to be timely, it was inappropriate because the defendant's conduct constituted "criminal activity that threatens the health, safety, or right to peaceful enjoyment of the premises of other tenants or employees of the public housing agency. . . ." See 42 U.S.C. § 1437d(k). The defendant counters that the conduct alleged by the plaintiff does not constitute "criminal activity", which, he concedes, would justify a refusal of the grievance process.
MHA has alleged that the defendant drives in the parking lot while intoxicated (based on the complaint of an unnamed tenant), and has suggested that the defendant's activity of urinating and leaving puddles of urine in public areas violates several criminal statutes, such as General Statutes §§ 53a-63, 53a-64, 53a-181, 53a-181a and53a-182. The activities alleged by the plaintiff quite arguably threaten the health, safety, and right to peaceful enjoyment of the premises of the other tenants, but are they "criminal"?
Neither party has offered much guidance as to how to interpret the phrase "criminal activity" in this context. If the phrase means conduct resulting in the conviction of a crime, that has clearly not been established in this case, nor has there even been a finding of probable cause resulting in an arrest. Although the law on violations of probation gives us some guidance as to ways in which one can establish the violation of criminal statute without having to prove it beyond a reasonable doubt, Payne v. Robinson, 10 Conn. App. 395 (1987), it cannot be said that the treatment of individuals on probation for previous violations of the criminal law is or ought to be analogous to the treatment of tenants in public housing projects. Moreover, leaving aside the hearsay allegation of operation of a motor vehicle while under the influence as contained in the CT Page 113 pretermination notice, the basic claim being made against the defendant appears to be that he is incontinent and incapable of control over his urination. Although this difficulty is certainly a cause for concern on the part of the plaintiff and may well be a sound basis for the defendant's eviction, it is generally inconsistent with the concept of criminal intent that is an element of any of the statutes which the plaintiff claims the defendant has been violating. Although all, or at least most, criminal activity is obnoxious, not all obnoxious behavior is criminal, and simply calling it criminal is not enough to make it so as a matter of law. In short, this court cannot conclude on the basis of this record that the plaintiff has alleged the sort of "criminal activity" that would exempt it from affording the defendant access to its grievance process.
This conclusion, however, does not end the inquiry. The defendant was aware that MHA was acting to terminate his lease as early as June 13, 1994, but the defendant did not request a hearing at that time. The pretermination notice served upon him on that date informed him that if he did not stop urinating on the premises, his lease would be terminated, and it also notified him of his right to request a hearing in accordance with MHA's grievance procedure. According to 24 C.F.R. § 966.55(c), "[i]f the complainant does not request a hearing in accordance with this paragraph, then the PHA's disposition of the grievance under § 966.54 shall become final. . . ."
The plaintiff's grievance procedure requires a tenant to request a hearing within ten business days. Moreover, the language of the statute and of the regulations indicates that the right to a hearing does not last indefinitely, but may be waived if the tenant does not make a timely request. 24 C.F.R. § 966.55(d) provides:
 All grievances shall be personally presented either orally or in writing pursuant to the informal procedure prescribed in § 966.54 as a condition precedent to a hearing under this section: Provided, That if the complainant shall show good cause why he failed to proceed in accordance with § 966.54 to the hearing officer or hearing panel, the provisions of this subsection may be waived by the hearing officer or hearing panel.
CT Page 114
The defendant has not attempted to show good cause for his failure to request a hearing in June. The fact that he requested a hearing after receiving the notice to quit on October 1, 1994 does not change his failure to make a timely request for a hearing in June of 1994. MHA attempted to offer the defendant the opportunity to try to resolve his problems before terminating his lease. The defendant declined the opportunity, and his lease was terminated. Because he did not vacate, MHA eventually served a notice to quit.
A tenant is not permitted to wait to request a hearing until after the tenant himself finally concludes that the landlord is actually serious about wanting to evict him. The proper time for requesting a hearing, whether viewed as within the ten business days after the June 13, 1994 pretermination notice provided for in the plaintiff's grievance policy, or within ten business days after the termination of the defendant's lease as of July 31, 1994, or even within a broad reading of the "reasonable period" provided by federal law, has long since passed.
Accordingly, this court has jurisdiction, and the Motion to Dismiss is therefore denied.
Jonathan E. Silbert, Judge