[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence: May 22, 1996 Date of Application: May 31, 1996 Date Application Filed: May 31, 1996 Date of Decision: January 28, 1997
Application for review of sentence imposed by the Superior Court, Judicial District of Hartford, Docket Number CR90-386745S.
James Winslow, Esq., Defense Counsel, for Petitioner.
Robin Cutuli, Esq., Assistant State's Attorney, for the State.
BY THE DIVISION:
On September 24, 1990, petitioner received a sentence of twelve years with the execution suspended after six years. He was placed on probation for a period of three years. The terms of his probation were explained to him and he was made aware of the standard condition that a violation of state law would constitute CT Page 1350 a violation of his probation.
On February 25, 1995, while petitioner was on probation, he was arrested and charged with interfering with an officer in violation of General Statutes § 53a-167 (a) and threatening in violation of § 53a-62. As a result of such arrest, a warrant charging violation of probation was issued and served upon petitioner.
On May 22, 1996, a hearing on the violation of probation was held in accordance with Payne v. Robinson, 10 Conn. App. 395
(1987). Evidence at the hearing indicated that on February 25, 1995, police were called to the home where petitioner resided with his girlfriend in connection with a domestic incident. At that time, petitioner refused to identify himself and then gave a false name. He also resisted being taken into custody. Petitioner had to be restrained and handcuffed. He lunged at an officer during the arrest and threatened to kill an officer.
As a result of such evidence, the judge concluded that the reliable and probative evidence established by a preponderance of the evidence that petitioner had violated the terms of his probation.
After further proceedings, the judge concluded that the beneficial aspects of probation were no longer being met by petitioner and that such probation should be terminated. The judge then reopened the original sentence, vacated the probation and sentenced petitioner to the custody of the Commissioner of Correction for a period of five years.
At the hearing on this petition, the attorney representing petitioner requested that the sentence imposed be reduced. He argued that petitioner did well while on probation and that he only had one year left on such probation. The attorney claimed that at the time of his arrest, petitioner was working and had caused no serious problems.
Petitioner's attorney also stressed that the incident which caused his arrest was domestic in nature and that the circumstances surrounding the violation were not that serious and petitioner had been not fairly treated by the police. The attorney suggested that a sentence of two years would be more appropriate. Speaking on his own behalf, petitioner minimized the seriousness of the domestic incident which resulted in the CT Page 1351 violation of probation. He stated that he was a big person and that he had no intention of hurting his "wife" during the incident. He also stated that he had paid his debt to society on the original offense by his incarceration. He also argued that the sentence was disproportionate in that other persons were serving shorter sentences for more serious crimes.
The state's attorney argued that the sentence imposed was appropriate. She pointed out that under the original sentence, petitioner faced a total of six years for a violation of probation. The attorney reviewed the violations and stressed petitioner's criminal record stating that he had a propensity to violate the law and that the sentence should not be reduced.
By his remarks, petitioner indicated a profound misunderstanding of the sentence imposed on September 24, 1990. That sentence involved a commitment to the Commissioner of Corrections for twelve years. A portion of that sentence was suspended and petitioner would not be required to serve that suspended portion if he observed the conditions of probation. The violation of probation hearing and this review of the sentence imposed relate back to the sentence of September 24, 1990. Petitioner was not sentenced for the domestic incident. He was sentenced for a violation of his probation.
At the time of sentencing, petitioner's criminal record for the past ten years was presented to the Court. This record included a number of misdemeanor and felony convictions as well as a violation of probation. It was also pointed out to the judge that petitioner had a number of cases pending at the time.
The sentence imposed was less than the maximum which could have been imposed. Under the circumstances, it cannot be concluded that the sentence imposed was inappropriate or disproportionate.
Sentence affirmed.
Purtill, J.
Klaczak, J.
Norko, J.
Purtill, J., Klaczak, J., and Norko, J. participated in this CT Page 1352 decision.