[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 7518
The defendant, Joseph Bryant, is charged with violation of probation. A hearing was held to determine whether Bryant had violated one or more conditions of his probation. For the reasons set forth below, the court finds that Bryant did not violate his probation.
On February 25, 1999, Bryant was sentenced to two years execution suspended and two years of probation on a plea of guilty to Assault in The Second Degree. On the same day, Bryant signed and agreed to his Conditions of Probation. The first standard conditions of probation is: "Do not violate any criminal law of the United States, this state or any other state or territory." On February 8, 2000, Bryant was arrested for the charges of Interfering With a Police Officer, Possession of Narcotics, Possession of Narcotics Within 1500 feet of a School Possession of Narcotics With Intent to Sell and Possession of Narcotics With Intent To Sell Within 1500 feet of a School. On February 17, 2000, Bryant was charged with a violation of probation on the ground that he violated the laws of the State of Connecticut.
Revocation shall not be ordered except upon consideration of the whole record and unless such violation is established by the introduction of reliable and probative evidence and by a preponderance of the evidence. The burden of proof is not beyond a reasonable doubt as in the case of a criminal prosecution. State v. Daniels, 248 Conn. 64, 74 (1999); Statev. Davis, 229 Conn. 285, 295 (1994). The commission of a felony violates a condition inherent in every probation order. State v. Pecoraro,196 Conn. 305, 306 (1985). A finding either of conviction, whether or not final, or a commission of the act complained of is sufficient to support an order or revocation. Id., 307; Gentry v. Warden, 167 Conn. 639, 644
(1975); State v. Roberson, 165 Conn. 73, 79 (1973). Revocation or violation proceeding need not be deferred until after a disposition of the new criminal charges. State v. Rollins, 51 Conn. App. 478, 484
(1999).
Based upon review of the whole record, the court finds that the State has not met its burden of proving that Bryant violated the laws of the State of Connecticut. The problem for the State is that crucial portions of the testimony of the arresting officer are not credible. This lack of credibility casts doubt upon other portions of the officer's testimony. The court, therefore, employs the familiar maxim, "falsus in uno, falsus in omnibus." See, Young v. Falk, 34 Conn. App. 852, 855-856 (1994). Although the State's burden of proof is not beyond a reasonable doubt, it still had the burden to show it was more likely than not that Bryant violated a law of the State prior to his arrest on February 8, 2000. It failed to do this. For this reason the court finds that the defendant, CT Page 7519 Joseph Bryant, did not violate his probation.
John W. Pickard, Judge