STATE OF CONNECTICUT *v.* WAYDE DAVIS
(11099)

DUPONT, C. J., FOTI and FREEDMAN, Js.

Argued September 21, 1992—decision released January 5, 1993

*Dennis F. O'Toole,* assistant public defender, for the appellant (defendant).

*Leah Hawley,* assistant state's attorney, with whom, on the brief, were *John M. Bailey,* state's attorney, and *Alfred Baldwin,* assistant state's attorney, for the appellee (state).

DUPONT, C. J. The defendant appeals from the trial court's judgment revoking his probation and committing him to the custody of the commissioner of correction to serve the suspended portion of a sentence received for a conviction of failure to appear in the first degree in violation of General Statutes § 53a-172. The defendant's sole argument on appeal is that the evidence presented at the probation hearing was insufficient to prove that the defendant had violated a condition of his probation. We affirm the judgment of the trial court.

On June 1, 1990, the defendant pleaded guilty to the charge of failure to appear and was sentenced to two years incarceration, execution suspended, and two years probation. At the time of sentencing, the defendant signed a standard form known as "The General Terms of Probation." The form outlined the conditions of his probation, including his agreement not to violate any criminal law of this state during the term of his probation.

While on probation, the defendant was arrested for committing the crimes of burglary in the second degree

in violation of General Statutes § 53a-102,[1] criminal mischief in the third degree in violation of General Statutes § 53a-117,[2] and possession of narcotics in violation of General Statutes § 21a-279 (a).[3] The defendant was arrested for these charges at the scene, without a warrant. Subsequently, a trial court found probable cause for his arrest on these charges. The defendant was then accused by information of a violation of a condition of his probation, pursuant to which a hearing was held. General Statutes § 53a-32.[4]

At the probation revocation hearing, the arresting officer gave the following uncontroverted testimony. On September 27, 1990, at approximately 12:50 a.m., he was dispatched to a large apartment complex to investigate a reported burglary in progress in the basement of the apartment complex. It was reported to the police that a black male was acting as a lookout while another black male was kicking open a door to the basement. Upon arriving at the building, the officer discov-

---

[1] General Statutes § 53a-102 (a) provides: "A person is guilty of burglary in the second degree when he enters or remains unlawfully in a dwelling at night with intent to commit a crime therein."

[2] General Statutes § 53a-117 provides in pertinent part: "(a) A person is guilty of criminal mischief in the third degree when, having no reasonable ground to believe that he has a right to do so, he: (1) Intentionally or recklessly (A) damages tangible property of another . . . ."

[3] The trial court found, as its basis for the revocation of probation, that the defendant had violated General Statutes §§ 53a-102 (a) and 53a-117. It made no finding as to whether the defendant had violated General Statutes § 21a-279 (a).

[4] General Statutes § 53a-32 provides in pertinent part: "(a) At any time during the period of probation or conditional discharge, the court or any judge thereof may issue a warrant for the arrest of a defendant for violation of any of the conditions of probation or conditional discharge. . . . (b) If such violation is established, or the court may continue or revoke the sentence of probation or conditional discharge or modify or enlarge the conditions, and, if such sentence is revoked, require the defendant to serve the sentence imposed or impose any lesser sentence. No such revocation shall be ordered, except upon consideration of the whole record and unless such violation is established by reliable and probative evidence."

ered that both the rear and basement doors of the building were damaged, as were the locks and wooden framing. The basement door was partially open. Upon entering the basement, the officer discovered two black men, the defendant and another man who was later identified as a resident of the building. The defendant was holding a spoon with white powder on it. The officer performed a valtox test on the powder, which tested positive for cocaine. The officer thereupon arrested both men.[5]

On the basis of these uncontested facts, the trial court found that the defendant had violated his probation by violating the criminal laws of the state of Connecticut, and ordered the defendant to serve the original two year sentence.

The defendant's sole claim on appeal is that there was insufficient evidence presented to the trial court from which it could find that the defendant had violated the terms of his probation.[6] The gravamen of the defendant's argument is that the state failed to prove the commission of any criminal act by the defendant. This contention is founded on the defendant's premise that "[p]roving the commission of the criminal act necessarily means proving each element of the offense charged." The defendant argues that the state failed

[5] At the time of the arrest, the officer could not have known that the defendant was on probation so there can be no suggestion that the arrest was motivated by vindictiveness against a probationer. See *Payne* v. *Robinson,* 207 Conn. 565, 541 A.2d 504, cert. denied, 488 U.S. 898, 109 S. Ct. 242, 102 L. Ed. 2d 230 (1988).

[6] The defendant does not contest the fact that he was on probation at the time of his arrest or contend that he did not have notice of the "General Terms" of his probation, including his agreement not to violate any criminal law of the state of Connecticut. The defendant also does not complain of any lack of fourteenth amendment procedural due process as outlined in *Gagnon* v. *Scarpelli,* 411 U.S. 778, 93 S. Ct. 1756, 36 L. Ed. 2d 656 (1973), nor does he complain of any violation of the Connecticut constitution.

to prove all of the elements of any offense, by reliable and probative evidence, and that, therefore, the trial court's finding that the defendant violated his probation must be reversed. We disagree.

"The Due Process Clause of the Fourteenth Amendment imposes procedural and substantive limits on the revocation of the conditional liberty created by probation." *Black* v. *Romano,* 471 U.S. 606, 610, 105 S. Ct. 2254, 85 L. Ed. 2d 636 (1985); see also *State* v. *Durkin,* 219 Conn. 629, 635, 595 A.2d 826 (1991). A revocation of probation hearing has two distinct components and two purposes. A factual determination by a trial court as to whether a probationer has violated a condition of probation must first be made. If a violation is found, a court must next determine whether probation should be revoked because the beneficial aspects of probation are no longer being served. *Black* v. *Romano,* supra, 611; *United States* v. *Czajak,* 909 F.2d 20, 22 (1st Cir. 1990). The former component requires that a fact be found by the trial court and the latter requires the exercise of the sound discretion of the trial court. *United States* v. *Harris,* 612 A.2d 198, 203 (D.C. App. 1992). The purpose of the hearing is to determine whether the probationer violated a condition of his probation, and, if there is a violation, whether the probationer should serve the remainder of a sentence previously given.

Because the revocation hearing is comprised of these two distinct parts, our standard of review of the trial court's order revoking the defendant's probation differs, depending on which part of the hearing we are reviewing. With respect to the trial court's initial factual determination that a condition of probation has been violated, our review is limited to reviewing whether such a finding was clearly erroneous. Practice Book § 4061; *Connecticut State Medical Society* v. *Commission on Hospitals & Health Care,* 223 Conn.

450, 458, 612 A.2d 1217 (1992); see also *United States* v. *Granderson,* 969 F.2d 980, 982 (11th Cir. 1992) (applying the clearly erroneous standard to factual findings of a violation of a condition in a revocation of probation case). Where the factual basis of the court's decision is challenged, we must determine whether the finding challenged is supported by the evidence or whether it is clearly erroneous because it is not supported by the evidence. See *Pandolphe's Auto Parts, Inc.* v. *Manchester,* 181 Conn. 217, 221–22, 435 A.2d 24 (1980). In making this determination, every reasonable presumption must be given in favor of the trial court's ruling. *State* v. *Amarillo,* 198 Conn. 285, 313–14, 503 A.2d 146 (1986).

When reviewing the second component of a probation revocation hearing, appellate inquiry is whether the trial court exercised its discretion properly by reinstating the original sentence and ordering incarceration. *State* v. *Roberson,* 165 Conn. 73, 80, 327 A.2d 556 (1973); *State* v. *Johnson,* 11 Conn. App. 251, 257, 527 A.2d. 250 (1987). " 'In determining whether there has been an abuse of discretion, every reasonable presumption should be given in favor of the correctness of the court's ruling . . . [and] [r]eversal is required only where an abuse of discretion is manifest or where injustice appears to have been done.' " *Walker* v. *Commissioner of Correction,* 223 Conn. 411, 414–15, 611 A.2d 413 (1992); see also *United States* v. *Parker,* 952 F.2d 31, 33 (2d Cir. 1991) ("district court's decision revoking probation will be reversed only if that decision constitutes an abuse of discretion"); *United States* v. *Reber,* 876 F.2d 81, 83 (10th Cir. 1989) (appellate court has "authority to review revocation decisions for fundamental unfairness or for an abuse of discretion"); *United States* v. *Hamilton,* 708 F.2d 1412, 1414 (9th Cir. 1983) (same). The defendant in this case does not argue that the trial court abused its discretion, but,

rather, that his probation should not have been revoked because the trial court could not have properly found as a fact that the defendant violated a condition of his probation.

General Statutes § 53a-32 (b) requires the trial court to consider the entire record when making the initial factual determination as to whether the probationer has violated a condition of his probation, and it cannot find a violation of probation, "unless such violation is established by reliable and probative evidence." See also *Payne* v. *Robinson,* 10 Conn. App. 395, 402, 523 A.2d 917 (1987), aff'd, 207 Conn. 565, 541 A.2d 504, cert. denied, 488 U.S. 898, 109 S. Ct. 242, 102 L. Ed. 2d 230 (1988). "Reliable and probative" concerns the nature of the evidence to be considered but is unrelated to the standard of proof that the court should apply in deciding the factual question of whether a violation of probation has occurred. In order to decide, therefore, whether the trial court, in using "reliable and probative evidence," as required by General Statutes § 53a-32, has properly found as a fact that a condition of probation has been violated, we must first determine the degree of certainty with which that fact must be found. The statute itself is silent as to the standard of proof, requiring us, therefore, to analyze existing case law for an answer.

Almost universally in federal and state jurisdictions, the standard of proof needed to find a violation of probation is less than proof beyond a reasonable doubt.[7] There is, however, a split of authority among the states as to whether the standard of proof should be clear and

[7] New Mexico and Colorado are the only states of which we are aware that require proof beyond a reasonable doubt in some cases. See *State* v. *Doe,* 104 N.M. 107, 717 P.2d 83 (Ct. App. 1986) (holding that, by statute, the standard of proof required to revoke *juvenile* probation is proof beyond a reasonable doubt, although the standard of proof in adult probation revocation proceedings is "reasonable certainty"); *In re C.B.,* 196 Colo. 362,

convincing evidence, a preponderance of the evidence, or reasonable satisfaction. Most states that have addressed the issue require either a preponderance of the evidence or reasonable satisfaction. Our research indicates that only three states currently apply a standard more stringent than either a preponderance of the evidence or reasonable satisfaction, but less than a reasonable doubt.[8] Additionally, we have found only one state that appears to require a standard less than either a preponderance or reasonable satisfaction.[9] The United States Supreme Court has made it clear that the standard of proof is less than proof beyond a reasonable doubt,[10] but has left open what lesser standard of proof should govern a finding that a condition of probation has been violated. The court has, however, made it clear that a revocation proceeding is not part of a criminal prosecution and that the full panoply of rights

585 P.2d 281 (1978) (en banc) (holding that if the violation is a criminal offense, it must be proven beyond a reasonable doubt; other violations must be proven by a preponderance of the evidence).

"The Supreme Court has not specifically discussed the standard of proof required in probation revocation hearings, but its opinion in *Gagnon* v. *Scarpelli,* 411 U.S. 778, 789–90 n.12, 93 S. Ct. 1756, 36 L. Ed. 2d 656 [1973], indicates that the Court viewed the proposition that probation could be revoked in less than a 'beyond a reasonable doubt standard' as so obvious that it did not merit discussion." *United States* v. *Smith,* 571 F.2d 370, 372 n.2 (7th Cir. 1978).

[8] See *State* v. *Ehmke,* 400 N.W.2d 839, 840 (Minn. Ct. App. 1987) (holding that "[t]he trial court must find that there has been a violation by clear and convincing evidence," citing Minn. R. Crim. P. 27.04 subd. 3 [3]"); Nebraska Revised Statutes § 29-2267 (1991) ("court shall not revoke probation or increase the requirements imposed thereby on the probationer, except after a hearing upon proper notice where the violation of probation is established by clear and convincing evidence"); *State* v. *Finnegan,* 232 Neb. 75, 77, 439 N.W.2d 496 (1989) (requiring the state to prove the violation by clear and convincing evidence); see also *Sigman* v. *Whyte,* 268 S.E.2d 603, 607 (W. Va. 1980) (requiring a "clear preponderance of the evidence"); accord *State* v. *Bowman,* 375 S.E.2d 829, 831 (W. Va. 1988).

[9] See *State* v. *Dasher,* 166 Ga. App. 237, 304 S.E.2d 87 (1983) (stating that only slight evidence is necessary to revoke probation).

[10] See footnote 7, supra.

is not due a defendant in a revocation hearing. *Gagnon* v. *Scarpelli*, 411 U.S. 778, 781, 93 S. Ct. 1756, 36 L. Ed. 2d 656 (1973).

Although the United States Supreme Court has not yet addressed the issue of which standard of proof should govern revocation of probation proceedings, most of the federal circuits have done so. All of the federal circuits that have considered the issue have held that reasonable satisfaction is the proper standard, and did so after *Gagnon* v. *Scarpelli*, supra, was decided. See *United States* v. *Crawley*, 837 F.2d 291, 292 (7th Cir. 1988) ("[e]very other circuit to consider the question has adopted the 'reasonably satisfied' standard"); see also *United States* v. *Lettieri*, 910 F.2d 1067, 1068 (2d Cir. 1990).

In Connecticut, the standard of proof was first enunciated in 1973. *State* v. *Roberson*, supra, 80, established that the standard of proof is whether "the trial court was 'reasonably satisfied' that the terms of probation had been violated." A number of Connecticut decisions since *Roberson* have followed this standard. See *State* v. *Smith*, 207 Conn. 152, 167, 540 A.2d 679 (1988); *State* v. *Baxter*, 19 Conn. App. 304, 316, 563 A.2d 721 (1989); *State* v. *Johnson*, 11 Conn. App. 251, 258, 527 A.2d 250 (1987); *Payne* v. *Robinson*, 10 Conn. App. 395, 403, 523 A.2d 917 (1987). We conclude, therefore, that the status of the law in Connecticut requires us to adhere to a reasonable satisfaction standard.

Although it is clear that Connecticut cases apply a reasonable satisfaction standard, none of the cases has defined the standard.[11] The classical standards of proof are proof beyond a reasonable doubt, clear and convincing evidence, and preponderance of the evidence. The

---

[11] Reasonable satisfaction is sometimes equated with the phrase "reason to believe." See *People* v. *Rodriguez*, 51 Cal. 3d 437, 446, 795 P.2d 783, 272 Cal. Rptr. 613 (1980).

question is where in the range of burdens of proof does reasonable satisfaction lie? A number of cases, both state and federal, that have considered the issue have concluded that reasonable satisfaction is a less stringent standard than a preponderance and requires less compelling proof. See, e.g., *United States* v. *Torrez-Flores,* 624 F.2d 776, 782 (7th Cir. 1980); *Armstrong* v. *State,* 294 Ala. 100, 312 So. 2d 620, 623 (1975); *People* v. *Rodriguez,* 51 Cal. 3d 437, 446, 795 P.2d 783, 272 Cal. Rptr. 613 (1990) (en banc) (although the court ultimately chose to adopt a preponderance standard); *State* v. *Ford,* 707 P.2d 16, 19 (Mont. 1985); but see *Kitchen* v. *State,* 589 A.2d 575, 579 (Md. App. 1991) (stating that reasonable satisfaction is the equivalent of preponderance of the evidence). Those federal circuits that have considered the issue of whether the reasonable satisfaction standard is the equivalent of the preponderance of the evidence standard have unequivocally concluded that these two standards are not the same. A preponderance of the evidence is a stricter standard of proof. See *United States* v. *Smith,* 571 F.2d 370, 372 n.2 (7th Cir. 1978), and cases cited therein. We agree with the federal circuit courts that the reasonable satisfaction standard is a lesser standard of proof than the preponderance of the evidence standard and that reasonable satisfaction is the standard to be applied to determine whether a condition of probation has been violated.

In defining the standard of reasonable satisfaction, several courts have observed, "[t]he standard of proof required is that evidence and facts be such as reasonably to satisfy the judge that the probationer's conduct has not been as required by the conditions of probation." *United States* v. *Czajak,* supra, 22, quoting *United States* v. *Guadarrama,* 742 F.2d 487, 489 (9th Cir. 1984). A reasonable satisfaction requires a "minimal level of certainty." *State* v. *Bailey,* 464 N.W.2d

626, 628 (S.D. 1991). We define the standard as meaning a rational belief of a trial court that the evidence is adequate or sufficient to prove a violation.

The burden of proof in a revocation proceeding necessarily differs from that in a criminal proceeding because the goals of probation differ from those of criminal incarceration. See *State* v. *Smith,* supra, 176–78. A revocation proceeding is held to determine whether the goals of rehabilitation thought to be served by probation have faltered, requiring an end to the conditional freedom obtained by a defendant at a sentencing that allowed him or her to serve less than a full sentence. Not only does existing Connecticut case law require a reasonable satisfaction standard, we believe that it is the most appropriate standard of review for probation revocation hearings. A probation revocation hearing does not entitle a probationer to a completely new trial at which the violation must be found by a preponderance of the evidence, and due process is not offended if a violation is found under a reasonable satisfaction standard. *United States* v. *Smith,* 571 F.2d 370, 372 (7th Cir. 1978).

In making its factual determination, the trial court is "entitled to draw reasonable and logical inferences from the evidence." *Payne* v. *Robinson,* supra, 403. It may also consider the types of information properly considered at an original sentencing hearing because a revocation hearing is merely a reconvention of the original sentencing hearing. See *State* v. *Smith,* supra, 178. The court may, therefore, consider hearsay information, evidence of crimes for which the defendant was indicted but neither tried nor convicted, evidence of crimes for which the defendant was acquitted, and evidence of indictments or informations that were dismissed. *State* v. *Huey,* 199 Conn. 121, 126, 505 A.2d 1242 (1986); accord *Jones* v. *Thieret,* 846 F.2d 457, 461–62 (7th Cir. 1988) (citing numerous Supreme Court cases).

From the evidence presented in this case, the trial court could reasonably have found, using the standard of reasonable satisfaction, that the defendant had violated all of the elements of General Statutes §§ 53a-117 (a) and 53a-102. See *United States* v. *Czajak,* supra, 22–23. It is uncontested that a police officer was dispatched to an occupied apartment building at approximately 1 a.m. to investigate a reported burglary in progress involving two men. That report included the fact that one of the perpetrators was destroying a door of the building. Upon his arrival at the building, the officer found that the outside and the basement doors had been damaged. Inside the basement, the officer found the defendant holding a spoon with white power on it.

Additionally, the trial court had as evidence before it, the fact that the charges against the defendant were still pending as of the date of the probation revocation hearing. The pendency of the charges indicates that not only did the officer at the scene believe there was probable cause to arrest the defendant for the crimes with which he was charged, but also that a trial court must have found probable cause for the arrests at the time of the defendant's arraignment. See Practice Book § 650. The court also had the testimony of the arresting officer.

The trial court expressly stated that "[t]he court is convinced that it has heard reliable and appropriate evidence to the effect that there has been a violation of the probation condition and so a violation is found." Although the statement did not indicate what standard of proof was used to find the fact, we conclude that the omission indicates that a standard of a preponderance of the evidence was used. See *Kavarco* v. *T.J.E., Inc.,* 2 Conn. App. 294, 297, 478 A.2d 257 (1984).

In civil cases, the trial court's failure to state or imply what standard of proof was used to find a fact gives

rise to the presumption that a standard of a preponderance of the evidence was used. Id. Because we treat a probation revocation hearing as a civil matter, we use that assumption here. We treat a probation revocation hearing as a civil matter because it is similar to other collateral proceedings that are treated as civil matters and that also arise out of criminal convictions, such as postconviction petitions for a new trial; *Lombardo* v. *State,* 172 Conn. 385, 390–91, 374 A.2d 1065 (1977); and habeas corpus petitions. *Collins* v. *York,* 159 Conn. 150, 153, 267 A.2d 668 (1970).

Having presumed that the trial court applied the preponderance of the evidence standard, a higher standard of proof than the reasonable satisfaction standard, we conclude that the trial court's finding could not have been different under the lesser standard. The axiom that, if a trial court does not state or imply it is using that proper standard of proof, a new trial is necessary; *Schaffer* v. *Lindy,* 8 Conn. App. 96, 105, 511 A.2d 1022 (1986); applies only when the standard of proof that should have been used is higher than the preponderance of the evidence standard. See id.; *Kavarco* v. *T.J.E., Inc.,* supra. It is therefore unnecessary to remand the case to the trial court for an articulation of the standard of proof used.

We conclude that all of the facts that could be considered by the court were sufficient for it to be reasonably satisfied that the defendant had violated one of the general terms of his probation, and that finding is not clearly erroneous.

The judgment is affirmed.

In this opinion FOTI, J., concurred.

FREEDMAN, J., dissenting. I do not agree with the conclusion of the majority as to the standard of proof to be applied in determining whether a violation of pro-

bation has occurred. Because I believe that this case must be remanded to the trial court for a new hearing to determine whether a violation of a condition of probation has been established by the proper standard of proof, I respectfully dissent.

There are a number of areas in the majority opinion with which I am in complete agreement. I agree that the phrase "reliable and probative evidence" in General Statutes § 53a-32 (b) "concerns the nature of the evidence to be considered but is unrelated to the standard of proof that the court should apply in deciding the factual question of whether a violation of probation has occurred." I agree that the "burden of proof in a revocation proceeding necessarily differs from that in a criminal proceeding because the goals of probation differ from those of criminal incarceration" and that the "standard of proof needed to find a violation of probation is less than proof beyond a reasonable doubt." Finally, I agree that, under Connecticut case law, the standard of proof in determining whether there has been a violation of probation is "reasonable satisfaction."

I disagree, however, with the majority's conclusion "that the reasonable satisfaction standard is a lesser standard of proof than the preponderance of the evidence standard . . . ." I would hold that reasonable satisfaction is the same as a preponderance of the evidence. Preponderance of the evidence means "simply that 'the evidence must, when considered fairly and impartially, induce a reasonable belief that the fact in issue is true.' " *State* v. *Warren,* 169 Conn. 207, 213, 363 A.2d 91 (1975). The evidence must be "more convincing as worthy of belief than that which is offered in opposition thereto." Ballentine's Law Dictionary (3d Ed.), p. 980. Can anyone seriously argue that one can be reasonably satisfied of the existence of a fact if there

is anything less than a reasonable belief that such fact is more worthy of belief than that offered in opposition thereto?

Moreover, I believe that a preponderance of the evidence standard is required by our constitutional guarantees of due process of law. In *Gagnon* v. *Scarpelli,* 411 U.S. 778, 93 S. Ct. 1756, 36 L. Ed. 2d 656 (1973), the United States Supreme Court held that the loss of liberty attendant on a revocation of probation is sufficient to invoke the due process guarantees set forth in *Morrissey* v. *Brewer,* 408 U.S. 471, 92 S. Ct. 2593, 33 L. Ed. 2d 484 (1972). The *Morrissey* court specifically concluded that constitutional due process mandates a final revocation hearing which "must be the basis for *more than determining probable cause* . . . ." (Emphasis added.) Id., 488. The decision to revoke probation involves "a retrospective factual question whether the probationer *has violated* a condition of probation." (Emphasis added.) *Black* v. *Romano,* 471 U.S. 606, 611, 105 S. Ct. 2254, 85 L. Ed. 2d 636 (1985). It is therefore insufficient to revoke probation based on a belief that a violation *may* have occurred, which is all that is required for a finding of probable cause; *Texas* v. *Brown,* 460 U.S. 730, 742, 103 S. Ct. 1535, 75 L. Ed. 2d 502 (1983) (defining probable cause); *Three S. Development Co.* v. *Santore,* 193 Conn. 174, 175, 474 A.2d 795 (1984) (same); without demanding that the belief be determined to be correct or more likely to be true than false.

The majority, however, comes perilously close to equating the reasonably satisfied standard with a mere finding of probable cause. They bolster their affirmance of the trial court's judgment with the fact that the charges against the defendant were still pending and that "[t]he pendency of these charges indicates that not only did the officer at the scene believe there was probable cause to arrest the defendant for the crimes with

which he was charged, but also [the] . . . trial court must have found probable cause for the arrests at the time of the defendant's arraignment." If only a finding of probable cause was required, there would be no necessity to hold a hearing on the issue of whether the defendant has violated a condition of probation subsequent to the finding of probable cause at the time of arraignment.

Since a violation of probation hearing can result in the revocation of the conditional liberty created by probation, I would hold that the due process clauses of both the federal and state constitutions require nothing less than a finding that a violation of the conditions of probation must be established by, at least, a preponderance of the evidence. Moreover, as the majority points out, "[a] revocation of probation hearing has two distinct components, and two purposes." I do not believe that requiring proof by a preponderance of the evidence in the first component, wherein the court determines if a violation of a condition of probation has occurred, will in any way interfere with the broad discretion accorded to the trial court in the second component, wherein the court determines whether probation should be revoked because the beneficial aspects of probation are no longer being served. *Black* v. *Romano,* supra, 611.

As it is impossible to tell what standard of proof was applied by the trial court other than its statement that it heard "reliable and appropriate evidence," which we all agree is not a standard of proof, I would reverse the judgment of the trial court and remand the matter for a new hearing. *Kavarco* v. *T.J.E., Inc.,* 2 Conn. App. 294, 297, 478 A.2d 257 (1984).[1] At that new hear-

---

[1] I am aware that *Kavarco* states that where "the trial court is silent as to the standard of proof used, it will be assumed that one ordinarily applied in most civil cases, that of a fair preponderance of the evidence, was used." *Kavarco* v. *T.J.E., Inc.,* 2 Conn. App. 294, 297, 478 A.2d 257 (1984). I do

ing, the trial court must determine whether the state has proven by a preponderance of the reliable and probative evidence that the defendant has violated a condition of his probation.

not, however, believe that that assumption is applicable here for two reasons. First, a probation revocation proceeding is not the usual civil case. Second, as the majority notes, "[a]lthough it is clear that Connecticut cases apply a reasonable satisfaction standard, none of the cases defines the standard." Because no appellate court in this state has heretofore defined the reasonable satisfaction standard applicable in a probation revocation proceeding, it would be inappropriate to engage in any assumptions regarding the trial court's decisional process in light of the constitutional interests at stake.