[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence: September 25, 1991 Date of Application: October 2, 1991 Date Application Filed: October 2, 1991 Date of Decision: February 23, 1993
Application for review of sentence imposed by the Superior Court, Judicial District of Hartford/New Britain, at Hartford, Docket No. CR90-385349;
Richard R. Brown, Esq., Defense Counsel, for Petitioner.
John M. Bailey, Esq., State's Attorney, Hartford JD, for the State.
Sentence Modified.
BY THE DIVISION:
In this case, the petitioner, who was 20 years of age at the time of sentencing, pleaded guilty on August 13, 1990 to Larceny, 2nd degree, (53a-123(a)(3) and Assault 3rd degree (53a-61(a)(1).
On November 16, 1990, he was sentenced to the maximum term of 10 years on the Larceny count and a concurrent sentence of 1 year on the Assault count, for a total effective sentence of 10 years. The sentence was suspended, however, and the petitioner placed on probation for 2 years with the specific condition (among others) that he comply with an Alternative Incarceration Program imposed under the provisions of P.A. 89-303. This disposition followed the recommendation of the pre-sentence report. CT Page 3039
The underlying crime occurred on May 14, 1990, when the petitioner punched the victim, a person known to the petitioner and who may have been taunting the petitioner just prior to the incident. The victim was unable to be located in connection with the pre-sentence report, but his injuries appear to be quite minor. The petitioner then took the victim's motor scooter several blocks away, followed by the victim. The police were called and came to the scene shortly thereafter where they arrested the petitioner.
In February, 1991 the petitioner was removed from the AIC program for missing 2 appointments with a counselor and for not satisfying the program supervisor that he was making a good faith effort to seek full time employment. He was then charged with Violation of Probation for failing to comply with the conditions of the AIC program.
On September 25, 1991, a hearing was held and the petitioner was found to be in violation of probation for the foregoing reasons, and the original sentences were imposed. From the transcript it appears that the Court did not consider imposing a lesser sentence than the one originally imposed, although there is authority to do so. See Connecticut General Statutes Section 53a-32, State v. Davis,29 Conn. App. 801, 806 (1993).
The petitioner's only prior record was a conviction for using a Motor Vehicle Without Permission. He received a 1 year suspended sentence on that charge and was on probation when the instant offense occurred. From the time of his arrest on May 14, 1990, to the date of his revocation of probation on September 25, 1991, he was not involved in any new criminal activity, thus mitigating the public safety consideration for lengthy incarceration.
Considering the nature of the offense, the character of the petitioner, the need for public protection, and the deterrent, rehabilitative, isolative and denunciatory purposes for which a sentence is intended, the Division finds that the sentence imposed is disproportionately severe and should he modified.
It is also noted that the State's Attorney, at oral argument on this petition, agreed that the sentence was CT Page 3040 unduly severe and he is not opposed to its modification.
Accordingly, this matter is remanded to the Superior Court for the Judicial District of Hartford/New Britain, for sentence modification, as follows:
The petitioner shall be re-sentenced to a term of 3 1/2 years on the charge of violation of probation in recognition of P.B. Sec. 942 and relevant factors regarding the original charge and sentence.
Klaczak, J.
Purtill, J.
Stanley, J.
Purtill, Klaczak and Stanley, J.s, participated in this decision.