IN RE MARIUS M.*
(12707)

DUPONT, C. J., HEIMAN and SPEAR, Js.

Argued April 27—decision released May 31, 1994

*Catherine E. Teitell,* assistant public defender, for the appellant (defendant).

*Leah Hawley,* assistant state's attorney, with whom, on the brief, were *Donald Browne,* state's attorney, and *Joseph Corradino,* assistant state's attorney, for the appellee (state).

PER CURIAM. The defendant appeals from the judgment of the trial court revoking his probation and committing him to the custody of the commissioner of correction to serve a previously suspended one year sentence that he had received after being adjudged a youthful offender. At the conclusion of the evidence in the probation revocation hearing, the trial court stated: "I am reasonably satisfied to the standard of the probation violation that the defendant has been shown to be in violation of the conditions of his probation." The trial court applied a reasonable satisfaction

---

* In accordance with the spirit and intent of General Statutes §§ 54-76*l* and 46b-142 (b), and Practice Book § 4166B.2, the names of the parties involved in this appeal are not disclosed. The records and papers of this case shall be open for inspection only to persons having a prior interest therein and upon order of the Appellate Court.

standard of proof for finding a violation of probation pursuant to this court's holding in *State* v. *Davis,* 29 Conn. App. 801, 813, 618 A.2d 557 (1993). Our Supreme Court recently reversed *Davis,* holding that the proper standard of proof for establishing a violation of probation is a fair preponderance of the evidence. *State* v. *Davis,* 229 Conn. 285, 295, 641 A.2d 370 (1994). *Davis* was remanded to this court with direction to reverse the judgment of the trial court and to remand the case for a new probation revocation hearing. Id., 303. We now treat the present case in a similar manner and remand it for a new probation revocation hearing.

An issue that is likely to arise during the new hearing is the admissibility of a certain drug evaluation report prepared by an agency known as "Youth Evaluation Services" and furnished to the probation department. The trial court admitted the report over the defendant's objection that the state had not qualified it as a business record under the business records exception to the hearsay rule, General Statutes § 52-180 (a).[1] Reliance on that statute is not necessary to admit the report as evidence in a probation revocation hearing because a court may consider any relevant, reliable and probative hearsay in such a hearing. *State* v. *White,* 169 Conn. 223, 239–40, 363 A.2d 143, cert. denied, 423 U.S. 1025, 96 S. Ct. 469, 46 L. Ed. 2d 399 (1975); *State* v. *Scott,* 31 Conn. App. 660, 666 n.3, 626 A.2d 817 (1993); *State* v. *Davis,* supra, 29 Conn. App. 811; *State* v. *Baxter,* 19 Conn. App. 304, 320, 563 A.2d 721 (1989).

The judgment is reversed and the case is remanded for a new probation revocation hearing.

---

[1] General Statutes § 52-180 (a) provides in pertinent part: "Any writing or record . . . made as a memorandum or record of any act, transaction, occurrence or event, shall be admissible as evidence of the act, transaction, occurrence or event, if the trial judge finds that it was made in the regular course of any business, and that it was the regular course of the business to make the writing or record at the time of the act, transaction, occurrence, or event or within a reasonable time thereafter."