## STATE OF CONNECTICUT *v.* FRANK A. PAUL
### (12508)

LAVERY, LANDAU and FREEDMAN, Js.

Argued April 5—decision released July 19, 1994

*Paul F. McCurdy,* with whom, on the brief, was *Thomas H. Kukowski,* special public defender, for the appellant (defendant).

*Timothy J. Sugrue,* assistant state's attorney, with whom, on the brief, were *James E. Thomas,* state's attorney, *Mark Brodsky,* assistant state's attorney, and *William Bumpus,* former assistant state's attorney, for the appellee (state).

LANDAU, J. The defendant, Frank Paul, appeals from the trial court's judgment revoking his probation and committing him to the authority of the commissioner of correction to serve the suspended portion of a sentence received for a conviction of robbery in the first degree in violation of General Statutes § 53a-134 and robbery in the third degree in violation of General Statutes § 53a-136 (a). The defendant claims that the trial

court improperly (1) denied his motion for a pretrial lineup and permitted the victim to make an in-court identification in violation of his due process right, (2) admitted pretrial and in-court identifications of him, (3) admitted hearsay evidence at his probation revocation hearing, and (4) failed to apply the correct standard of proof at the defendant's probation revocation proceeding.[1]

The following facts are relevant to this appeal. On March, 14, 1989, the defendant was convicted of robbery in the first degree and robbery in the third degree; he was sentenced to a term of imprisonment of fifteen years, suspended after five years and five years probation. On April 29, 1992, the defendant was released from incarceration and placed on probation. A probation officer reviewed the conditions of his release with the defendant, whereby, the defendant agreed, inter alia, not to violate any criminal law of the state of Connecticut.

On September 14, 1992, Wilfred LaBrecque, an eighty-six year old man, was robbed at the doorway of his apartment in West Hartford. LaBrecque was given a package by his assailant, then was hit on the head, knocked to the floor, and rendered unconscious. The assailant took LaBrecque's wallet and keys; LaBrecque did not see his assailant's face but was able to give police a description of his assailant. LaBrecque did not identify the defendant as his assailant until the day of the probation revocation hearing.

After an investigation of the robbery, an information was filed charging the defendant with violation of probation, and a revocation proceeding was scheduled for March 10, 1993. On March 15, 1993, after three

---

[1] Because we conclude that the trial court did not apply the appropriate standard of proof to the revocation determination, which requires a reversal of the judgment, we do not address the defendant's other claims.

days of testimony, the trial court found that the defendant had violated his probation in that he violated the criminal laws of the state of Connecticut. The trial court ordered the defendant's probation revoked and ordered the defendant to serve the suspended portion of the original sentence. This appeal followed.

In determining that the defendant had violated his probation, the trial court cited *State* v. *Davis,* 29 Conn. App. 801, 618 A.2d 577 (1993), in which this court held that the reasonable satisfaction standard to be applied in probation revocation hearings required only a minimal level of certainty that the probationer had violated a condition of his probation—a level of proof below that of the fair preponderance test. Our Supreme Court in *State* v. *Davis,* 229 Conn. 285, 641 A.2d 370 (1994), held that the fair preponderance of the evidence standard is the appropriate standard of proof that the state must meet to establish a violation of a condition of probation. The *Davis* court remanded the case to the trial court for a new revocation hearing because, upon review of the record, it could not determine the standard of proof that the trial court had applied.[2]

In this case, the trial court held that "the standard of proof by reliable and probative evidence requires that the trier be reasonably satisfied. Reasonable satisfaction requires only a minimal level of certainty . . . . There is far more than a minimal level of certainty that the defendant violated his probation by committing a criminal act violating the laws of the State of Connecticut." Following the rule set out by this court in *State* v. *Davis,* supra, the trial court employed the incorrect standard of proof in its determination of whether the defendant violated a condition of his probation. The fact

[2] In *State* v. *Davis,* supra, 229 Conn. 302, the trial court is quoted as having stated that it was "convinced that it has heard reliable and appropriate evidence to the effect that there has been a violation of the probation condition and so a violation is found."

that the trial court stated that there was "far more" than a minimal level of certainty cannot be construed as a fair preponderance. This case is controlled by our Supreme Court's decision in *Davis*.

The judgment is reversed and the case is remanded for a new probation revocation hearing.

In this opinion the other judges concurred.