[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 FACTS
The plaintiff, Alexander B. Williams, Jr., is Conservator of the Estate and Person of his father, Alexander B. Williams, Sr., a resident of the Rocky Hill Veterans Home and Hospital.
He was appointed conservator for his father, by order of the Probate Court for the District of Newington, on March 9, 2002. (Exhibit 6.)
He brings this action against his stepbrother, Wilbert C. Perkins, seeking money damages and an order directing the defendant to transfer real property located at 17 Cherokee Drive, Danbury, to the conservator.
Certain facts are not in dispute. CT Page 10280
On August 20, 1998, Alexander B. Williams, Sr. executed a durable power of attorney, naming his stepson, Wilbert C. Perkins, as attorney-in-fact. (Exhibit 3.)
The power of attorney is recorded on the land records of the City of Danbury at Volume 249, page 220, and consists of seven pages.
The acknowledgment of Alexander B. Williams, Sr. on the document was taken by Attorney James Curran.
The power of attorney contains a clause, Clause 11, which allows the attorney-in-fact to "make gifts, grants or other transfers . . . without consideration . . . to such person(s) (including my attorney-in-fact hereunder), or organizations as my attorney-in-fact shall select. . . ."
On January 13, 1999, acting pursuant to the power of attorney and the parenthetical language in Clause 11, the defendant, Wilbert C. Perkins, executed a quitclaim deed, transferring title to 17 Cherokee Drive, Danbury, from Alexander B. Williams, Sr. to Wilbert C. Perkins.
The deed was recorded at Volume 249, page 218 of the land records of the City of Danbury (Exhibit 4), and recited "one dollar ($1.00) and other valuable consideration" as consideration for the transfer of title.
At the time of the conveyance, 17 Cherokee Drive was subject to a mortgage in the face amount of $65,000. (Exhibit 1.)
The mortgage was in the name of Alexander B. Williams, Sr. and his late wife, Doris L. Williams.
In April of 2001, Wilbert C. Perkins placed a mortgage on 17 Cherokee Drive in the amount of $180,000. (Exhibit 2.)
The plaintiff brings this complaint in five counts.
Count one claims that Alexander B. Williams, Sr. was suffering from dementia in August of 1998 when the power of attorney was executed, and was therefore unable to form the requisite intent to give a power of attorney to Wilbert C. Perkins.
Count two alleges that the power of attorney was the product of undue influence exerted upon Alexander B. Williams, Sr.
Counts three and four allege that by deeding 17 Cherokee Drive to himself, the defendant breached the fiduciary duty which he owed to CT Page 10281 Alexander B. Williams, Sr., as his attorney-in-fact.
Count five claims that the defendant, Wilbert C. Perkins, has been unjustly enriched at the expense of Alexander B. Williams, Sr.
 EVIDENCE FAILED TO SUPPORT ALLEGATIONS OF UNDUE INFLUENCE OR LACK OF CAPACITY
The plaintiff produced no medical testimony during the course of the trial, other than a report prepared in conjunction with the application for appointment as conservator. (Exhibit 10.)
The report was generated as a result of an examination of Alexander Williams, Sr. in February, 2001.
While there was some evidence that Alexander B. Williams, Sr. suffered from Alzheimer's disease at the time of the execution of the power of attorney, that fact is insufficient, in the absence of corroborating evidence, to support a finding of incompetence.
There is a presumption of sanity in the performance of legal acts.Stanton v. Grigley, 177 Conn. 558, 564 (1979).
The report submitted to the Newington Probate Court was completed following an examination of Alexander B. Williams, Sr. which occurred thirty (30) months after the execution of the power of attorney.
It fails to establish lack of capacity in August, 1998.
The power of attorney contains an attestation clause, and two witnesses stated that Alexander B. Williams appeared to be of sound mind when the document was signed.
Furthermore, the power of attorney contains a clause, on page 5, which stated that any subsequent disability or incompetence of the principle, will not affect the validity of the instrument.
IT IS FOUND that the plaintiff has failed to sustain his burden of proving that Alexander B. Williams, Sr. lacked the capacity to understand the power of attorney when the document was signed, or that the document was the product of undue influence.
Judgment should therefore enter in favor of the defendant as to counts one and two of the plaintiff's complaint.
 THE DEFENDANT, WILBERT C. PERKINS,CT Page 10282 BREACHED HIS FIDUCIARY DUTY
The plaintiff claims, in counts three and four of his complaint, that the defendant breached the fiduciary duty he owed to Alexander B. Williams, Sr., as his attorney-in-fact.
The evidence reveals that Wilbert Perkins moved into the family home, 17 Cherokee Drive, Danbury, in 1997, and assumed the responsibility for some of the health care decisions on Alexander B. Williams, Sr. at that time.
The defendant claims that while a resident of the home, he expended moneys for repairs to the structure in the amount of approximately $50,000, although no bills, cancelled checks or receipts for any repairs were produced.
He estimated expenses for painting, siding, a new furnace, and an oil tank at approximately $24,000, but produced no documentation in support of those claims.
Testimony revealed that Alexander B. Williams, Sr., is a retired postal worker, who participated in golf (Exhibit 0) and was active in his church.
The defendant, Wilbert C. Perkins, took his stepfather to various doctor's appointments while he resided at 17 Cherokee Drive.
There is conflicting testimony concerning the presence of Alexander B. Williams, Jr. at 17 Cherokee Drive, and the degree of attention he paid to his father's needs during 1997 through 2001.
However, there is no question that in 1997, Alexander B. Williams, Sr. owned 17 Cherokee Drive, and that a mortgage with a balance of approximately $50,000 encumbered the property.
The testimony revealed that even after title to the property was transferred to Wilbert C. Perkins, mortgage payments continued to be paid with funds belonging to Alexander B. Williams, Sr.
After the refinancing in April of 2001, and the payment of the $50,000 balance remaining on the mortgage, the defendant, Wilbert C. Perkins, received $130,000.
Not only did the defendant fail to account for the use of those funds, he admits that he "blew" the money he received in April, 2001, and that no moneys remain from the refinancing. CT Page 10283
No accounting of funds was ever prepared by the defendant for Alexander B. Williams, Sr., and no gift tax was ever paid following the transfer of title to 17 Cherokee Drive.
The defendant seems to argue that Alexander B. Williams, Sr., in executing the power of attorney, effectively made a gift of all of his property to the defendant.
That claim is disingenuous and unavailing.
The power of attorney establishes a principle-agency relationship, imposing a fiduciary duty upon the designated attorney-in-fact. Long v.Schull, 184 Conn. 252, 256 (1981).
A fiduciary relationship demands a high degree of scrutiny, and once it is established, the fiduciary is held to a standard of fair dealing.Brown v. Villano, 49 Conn. App. 365, 368 (1998).
Proof of fiduciary relationship shifts the burden of proving fair dealing to the fiduciary, and requires proof of fair dealing to be by clear and convincing evidence. Konover Development Corp. v. Zeller,228 Conn. 206, 229-30 (1994); Dunham v. Dunham, 204 Conn. 303, 322-23
(1987).
Here the evidence establishes a clear case of self-dealing on the part of the defendant, Wilbert C. Perkins, to the detriment of Alexander B. Williams, Sr.
Judgment should therefore enter in favor of the plaintiff, as to counts three, four and five of the complaint.
IT IS FOUND that the conveyance of 17 Cherokee Drive, Danbury, from Alexander B. Williams, Sr. to the defendant, Wilbert C. Perkins, breached the fiduciary duty owed by Wilbert C. Perkins to Alexander B. Williams, Sr.
IT IS FOUND that the defendant, Wilbert C. Perkins, failed to use the proceeds of the refinancing of the property in April of 2001 for the benefit of Alexander B. Williams.
IT IS FOUND that following the payment of an existing mortgage in the amount of $50,000, the defendant, Wilbert C. Perkins, obtained $130,000 as a result of the refinancing.
IT IS FOUND that the defendant's claims of moneys expended for the repair and improvement to 17 Cherokee Drive, Danbury, are not credible. CT Page 10284
IT IS FOUND that the defendant, Wilbert C. Perkins, was unjustly enriched, to the detriment of Alexander B. Williams, Sr., as a result of the refinancing of 17 Cherokee Drive property.
 CONCLUSION AND ORDER
Judgment may enter in favor of the plaintiff, Alexander B. Williams, Jr., Conservator of the Person and Estate of Alexander B. Williams, Sr., as to counts three, four and five.
Judgment may enter in favor of the defendant, Wilbert C. Perkins, as to counts one and two.
The plaintiff should recover of the defendant money damages in the amount of $130,000, plus costs.
The court further orders the defendant to convey to the plaintiff his interest in and to 17 Cherokee Drive, Danbury, within thirty (30) days.
Costs are taxed in favor of the plaintiff, Alexander B. Williams, Jr., Conservator.
Radcliffe, J.